*** NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER ***

Electronically Filed
Supreme Court
SCWC-13-0002691
10-MAY-2017
08:02 AM

SCWC-13-0002691

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI,
Respondent/Plaintiff-Appellee,

vs.

ROSS COLLINS aka RIP COLLINS,
Petitioner/Defendant-Appellant.

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-13-0002691; CR. NO. 13-1-0133)

SUMMARY DISPOSITION ORDER
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Petitioner/Defendant-Appellant Ross Collins aka Rip Collins (Collins) applied for a writ of certiorari from the Intermediate Court of Appeals' (ICA) December 9, 2016 Judgment on Appeal filed pursuant to its October 25, 2016 unpublished Summary Disposition Order (SDO). The ICA affirmed the Circuit Court of the First Circuit's (circuit court) Judgment of Conviction and Sentence as to Count I and Judgment of Conviction and Sentence as to Count II, both of which were entered on July 10, 2013, in

favor of Respondent/Plaintiff-Appellee State of Hawaiʻi (the State).

On January 28, 2013, Collins entered a Tesoro gas station and convenience store located at 1529 Dillingham Boulevard in Honolulu, Hawaiʻi (Tesoro gas station) in violation of a written trespass warning[1] previously issued to him on October 3, 2012 pursuant to Hawaiʻi Revised Statutes (HRS) § 708-814(1)(b).[2]  Upon entering the Tesoro gas station, Collins took a can of beer and exited the premises without paying for it.  He was then arrested and charged with one count of burglary in the

---

[1]     The written trespass warning stated, in pertinent part:

> You are hereby advised that your presence is no longer desired on the premises or property: 1529 Dillingham Blvd., Hon., HI, 96819 (Tesoro) 832-1369 for a period of one year from date of notice.
> This serves as notice that you are not to return to said premises or property.  Violation of this warning will subject you to arrest and prosecution for Trespassing pursuant to section 708-814(1)(b) of the Hawaii Revised Statutes.

[2]     HRS § 708-814(1)(b) (Supp. 2010) states:

> (1) A person commits the offense of criminal trespass in the second degree if:
> (b) The person enters or remains unlawfully in or upon commercial premises after a reasonable warning or request to leave by the owner or lessee of the commercial premises, the owner's or lessee's authorized agent, or a police officer; provided that this paragraph shall not apply to any conduct or activity subject to regulation by the National Labor Relations Act.

second degree in violation of HRS § 708-811[3] (Count I), and one count of resisting arrest in violation of HRS §§ 710-1026(1)(a) and/or 710-1026(1)(b)[4] (Count II).

At trial, the State's theory of the case was that Collins had committed burglary in the second degree because he unlawfully entered and remained in the Tesoro gas station by entering the premises in contravention of the previously issued written trespass warning, with the intent to steal a beer, and thereby commit a crime against a person or property rights. Following the State's case-in-chief, Collins orally moved for a judgment of acquittal on Count I, arguing that the State failed to prove that Collins had unlawfully entered the Tesoro gas

---

[3]    HRS § 708-811 (1993) provides:

(1) A person commits the offense of burglary in the second degree if the person intentionally enters or remains unlawfully in a building with intent to commit therein a crime against a person or against property rights.
(2) Burglary in the second degree is a class C felony.

[4]    HRS § 710-1026 (Supp. 2010) states:

(1) A person commits the offense of resisting arrest if the person intentionally prevents a law enforcement officer acting under color of the law enforcement officer's official authority from effecting an arrest by:
(a) Using or threatening to use physical force against the law enforcement officer or another; or
(b) Using any other means creating a substantial risk of causing bodily injury to the law enforcement officer or another.
(2) Resisting arrest is a misdemeanor.

station.  The circuit court[5] denied Collins' motion.  The jury found Collins guilty as charged on Counts I and II.

The ICA affirmed, holding, <u>inter alia</u>,[6] that there was sufficient evidence for a rational juror to conclude that Collins understood the trespass warning when it was issued, and that Collins purposefully disregarded the warning when he entered the Tesoro gas station in January 2013.  This court accepted Collins' application for writ of certiorari on March 13, 2017.

In his application for writ of certiorari, Collins presents one question for review:  whether the ICA erred in affirming the circuit court's denial of his motion for a judgment of acquittal as to Count I.  Collins argues that pursuant to this court's decision in <u>State v. King</u>, 139 Hawai'i 249, 386 P.3d 886 (2016), Collins' burglary conviction was, as a matter of law, improperly premised upon his violation of the October 2012 written trespass warning.

---

[5]     The Honorable Glenn J. Kim presided.

[6]     On appeal, Collins also argued that the circuit court erred in denying Collins' motion for a judgment of acquittal on Count II because "there was no substantial evidence that Collins had intentionally prevent [sic] Officer Neves from effecting his arrest by either intentionally using physical force against Officer Neves or intentionally using means that created a substantial risk of causing bodily injury to Officer Neves."  On this point, the ICA held that "the jury could have concluded beyond a reasonable doubt that Collins either used physical force or put Officer Neves at a substantial risk of bodily injury.  Accordingly, the Circuit Court did not err in denying Collins' motion for judgment of acquittal with regard to Count II."  In his application for writ of certiorari, Collins did not raise any questions regarding this point.  Consequently, we do not address Collins' second point of error on appeal before the ICA.  <u>See</u> Hawai'i Rules of Appellate Procedure (HRAP) Rule 40.1(d) (2015).

In <u>King</u>, we determined that the violation of a trespass warning issued pursuant to HRS § 708-814(1)(b) does not constitute the defiance of a "lawful order personally communicated to the defendant" within the meaning of HRS § 708-800.[7]  139 Hawaiʻi at 257, 386 P.3d at 894.  Thus, we held that the violation of a trespass warning issued under HRS § 708-814(1)(b) cannot support a charge for burglary in the second degree under HRS § 708-811.  <u>Id.</u>

Applying the principles in <u>King</u> to the present case, Collins' contravention of the written trespass warning did not constitute an unlawful entry for the purposes of burglary in the second degree.  <u>See</u> <u>id.</u>  Besides his violation of the written trespass warning, the State did not present any other evidence that Collins had otherwise "enter[ed] or remain[ed] unlawfully" in the Tesoro gas station on January 28, 2013.  <u>See</u> HRS § 708-

_____

[7]     HRS § 708-800 (1993) defines "enter or remain unlawfully" as follows:

> 'Enter or remain unlawfully' means to enter or remain in or upon premises when the person is not licensed, invited, or otherwise privileged to do so. <u>A person who, regardless of the person's intent, enters or remains in or upon premises which are at the time open to the public does so with license and privilege unless the person defies a lawful order not to enter or remain, personally communicated to the person by the owner of the premises or some other authorized person.</u>  A license or privilege to enter or remain in a building which is only partly open to the public is not a license or privilege to enter or remain in that part of the building which is not open to the public.

(Emphasis added.)

5

811.  Therefore, a reasonable juror could not have concluded, based on the evidence viewed in the light most favorable to the State, that Collins was guilty of burglary in the second degree. Accordingly,

IT IS HEREBY ORDERED that the ICA's December 9, 2016 Judgment on Appeal is affirmed in part and reversed in part.  The circuit court's July 10, 2013 Judgment of Conviction and Sentence as to Count I is reversed.  The circuit court's July 10, 2013 Judgment of Conviction and Sentence as to Count II is affirmed.

DATED:  Honolulu, Hawaiʻi, May 10, 2017.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson

